**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| EDDIE RAYMOND HEARD, JR., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-90 (CDL) |
| | * | 28 U.S.C. § 2254 |
| BRUCE SHIVER, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On July 12, 2000, Petitioner was convicted of trafficking in cocaine and driving on the wrong side of the road in the Randolph County Superior Court. (Respondent's Exh. 3). He was sentenced to thirty years in prison with fifteen to serve on count one and to twelve months to be served concurrently as to count two. *Id.* Petitioner later filed a state habeas petition requesting an out of time appeal, which was granted on July 11, 2001. (Respondent's Exh. 1-3). Petitioner thereafter filed a direct appeal with the Georgia Court of Appeals, who ultimately affirmed his convictions. (Respondent's Exh. 5). On May 5, 2004, the Court of Appeals denied Petitioner's Motion for Reconsideration. (Respondent's Exh. 4). The Georgia Supreme Court then denied Petitioner's application for a writ of certiorari. *Id.*

On August 15, 2005, Petitioner filed the current federal habeas petition pursuant to 28 U.S.C. § 1983. (R- 1). Respondent filed his Answer and a Motion to Dismiss the Petition for Petitioner's lack of exhaustion of his state remedies on December 30, 2005. (R- 5,6). Petitioner was ordered to file a response to the Motion to Dismiss on January 4, 2006. (R-8). To date, no further pleadings have been filed by the Petitioner. Petitioner was released

on parole on October 4, 2005. An attempt to contact Petitioner at his last known address failed as the mail was returned as undeliverable. (R- 9).

In his Motion to Dismiss (R- 5), the Respondent contends that there is no evidence that the Petitioner filed a state habeas corpus petition, thus requesting that the court dismiss the petition as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In this case, the Petitioner was granted permission to file an out of time appeal to the

Georgia Court of Appeals, who affirmed his convictions and denied his Motion for Reconsideration.  Thereafter, the Georgia Supreme Court denied his application for a writ of certiorari.  No mention of filing a state habeas corpus petition with any Superior Court in the State of Georgia was made.  Furthermore, after receiving notice of the Respondent's Motion to Dismiss and his right to respond thereto, the Petitioner failed to file any additional pleadings.

As was stated, *supra*, the court is not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case.  Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies.  Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of May, 2006.

S/ G. MALLON FAIRCLOTH
sWe                                                    UNITED STATES MAGISTRATE JUDGE